# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 9, 2003

## STATE OF TENNESSEE v. DONALD FRANKS

### Direct Appeal from the Circuit Court for Hardin County
### No. 8144    C. Creed McGinley, Judge

---

### No. W2003-00003-CCA-R3-CD  - Filed October 14, 2003

---

A Hardin County jury convicted the defendant, Donald Franks, of rape of a child.  The trial court sentenced the defendant to thirty-seven years as a Range II multiple offender.  On appeal, the defendant argues: (1) the evidence was insufficient to support his conviction; (2) the trial court erred in instructing the jury on flight; and (3) the trial court imposed an excessive sentence.  Based upon our review of the record, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JERRY L. SMITH, J., joined.

Guy T. Wilkinson, District Public Defender; and Richard W. DeBerry, Assistant District Public Defender, for the appellant, Donald Franks.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; G. Robert Radford, District Attorney General; and John W. Overton, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

This case involves the rape of a child in December 2001.  The victim, N.R.,[1] who was eight years old at the time of trial, testified the defendant came to her family's home to decorate for Christmas and make repairs while her mother, who had recently been hospitalized, was bedridden.  The victim stated the defendant took her in her bedroom to "ask [her] something really important"; instead, he "licked" her "privates."

The victim's brother testified he overheard the defendant advise the victim he had something important to tell her.  The brother stated the defendant and the victim went into her bedroom, shut the door, and remained there for about half an hour.

---

[1]It is the policy of this court to refer to juvenile victims of sexual offenses by their initials.

Lynn Harville testified the defendant and his girlfriend lived with her, and that the victim's mother was a mutual friend. Ms. Harville indicated that during December 2001, the defendant went to the victim's home and that when she picked the defendant up from the visit, she noticed he had been drinking and was acting "weird." She said the following day, the victim, who acted shy, distant, and scared, reported the sexual abuse to her and her mother. According to Ms. Harville, shortly thereafter, the defendant threatened to commit suicide during an argument with his girlfriend and wrote a note in which he told the victim's mother, "I wont [sic] to be your [friend] and not make love with her and I love your kids." Ms. Harville said the defendant then left her home and did not contact her for two weeks. Ms. Harville testified that when he finally telephoned her, he was "on the run, scared." Deputy Sheriff Russ Alexander testified the sheriff's department was unable to locate the defendant from December 2001 until late January 2002.

The defendant testified he was not guilty of the offense. He stated the victim's family fabricated the victim's testimony because the defendant refused to set fire to the family's home at the request of the victim's mother. He said Ms. Harville fabricated her testimony because he had "turned in" her friend to law enforcement. The defendant stated his girlfriend helped him write the note containing the statement to the victim's mother, but he denied that the phrase "not make love to her" referred to the victim. He denied fleeing Hardin County; he said he was living with a friend in adjoining McNairy County, where he found a job, although he was unable to remember his friend's name. He conceded he had numerous prior theft convictions and a burglary conviction.

Danita Hobbs, the defendant's girlfriend, testified she helped the defendant write the note which included the statement to the victim's mother. She also described a "big fuss" in which the defendant threatened to kill himself and then left without telling her where he was going. Ms. Hobbs, the defendant's twin brother, and three other friends testified the defendant was a truthful person.

The jury convicted the defendant of rape of a child as alleged in the indictment. The trial court sentenced the defendant to thirty-seven years as a Range II multiple offender.

## I. SUFFICIENCY OF THE EVIDENCE

The defendant argues the proof was insufficient to support his conviction because the victim and Ms. Harville were not telling the truth, and the testimony of the victim's brother indicated the defendant was not guilty of the offense. This issue lacks merit.

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. *Id.* This court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is

the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

The defendant contends the victim's brother testified to facts which indicated the defendant did not commit the offense. The victim's brother testified there was nothing different about the appearance of the defendant and the victim when they exited the victim's bedroom. He stated he later observed the defendant and the victim talking while seated on the bed. The brother also said he could not remember the victim's response after he asked her what the defendant told her.

While we do not agree with the defendant's argument that this proof was in conflict with the victim's testimony, we note that this proof was presented to the jury for their consideration. Likewise, the jury heard and rejected the defendant's testimony that the victim and Ms. Harville manufactured their testimony in an effort to seek revenge against him. Since the defendant's claims go to the weight and credibility of the evidence rather than its sufficiency, they are not the proper subject of appellate review.

Rape of a child is "the unlawful sexual penetration of a victim . . . , if such victim is less than thirteen (13) years of age." Tenn. Code Ann. § 39-13-522(a). "Sexual penetration" includes "cunnilingus." *Id.* § 39-13-501(7).

The eight-year-old victim testified the defendant "licked" her "privates" after luring her into her bedroom on the pretense of asking her "something really important." This testimony is sufficient to establish cunnilingus. *See* State v. Hoyt, 928 S.W.2d 935, 942 (Tenn. Crim. App. 1995) (holding cunnilingus does not require that the mouth or tongue actually penetrate into the vagina), *overruled on other grounds by* State v. Spicer, 12 S.W.3d 438, 447 n.12 (Tenn. 2000); State v. Chad Crabtree, No. E2001-02374-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 81, at *11 (Tenn. Crim. App. Jan. 31, 2003, at Knoxville), *perm to app. denied* (Tenn. 2003). Therefore, the evidence was sufficient to support the defendant's conviction for rape of a child.

## II.  JURY CHARGE ON FLIGHT

The defendant maintains the trial court's jury instruction on flight was not warranted by the evidence. *See* T.P.I.—CRIM 42.18 (7th ed. 2002); State v. Kendricks, 947 S.W.2d 875, 885-86 (Tenn. Crim. App. 1996) (holding similar instruction is a correct statement of the law). There is sufficient evidence to support a jury charge on flight where there is proof of "both a leaving the scene of the difficulty and a subsequent hiding out, evasion, or concealment in the community." State v. Burns, 979 S.W.2d 276 app. at 289-90 (Tenn. 1998).

In the instant case, Lynn Harville testified that shortly after the victim reported the abuse, the defendant left the home he shared with her and his girlfriend, Danita Hobbs, and did not return. Harville stated that when he called her two weeks later, he was "scared" and "on the run." Danita Hobbs indicated that after the defendant left, he was secretive regarding his location. She stated she did not know where he had gone, but that he "would call [her] at night sometimes wherever he

would be at and tell [her] that he was all right, that he would come in later. . . ." Deputy Sheriff Russ Alexander testified the Hardin County Sheriff's Department searched for, but was unable to locate, the defendant from December until late January at which time they received a tip as to his location. The defendant testified he was living with a friend in an adjoining county, although he was unable to recall his friend's name. We conclude this evidence was sufficient to support a jury instruction regarding flight.

### III. SENTENCING

The defendant's final argument is that the trial court imposed an excessive sentence. When a defendant challenges the length, range, or manner of service of a sentence, this court conducts a *de novo* review of the record with a presumption that the determinations made by the sentencing court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after duly considering and weighing the factors and principles set out under the sentencing law, and its findings are adequately supported by the record, then we may not disturb the sentence even if we would have preferred a different result. State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000). However, if the trial court failed to comply with the statutory guidelines, we must review the sentence *de novo* without a presumption of correctness. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The trial court determined the defendant was a Range II multiple offender, found the appropriate sentencing range was twenty-five to forty years for this Class A felony, and started its sentencing determination at mid-range. *See* Tenn. Code Ann. § 40-35-210(c) (directing the presumptive sentence for a Class A felony to be the midpoint of the range). The defendant's prior record is nothing short of horrific. He has the following prior felony convictions: burglary, failing to appear, theft over $1,000, four thefts over $500, petit larceny, and two attempted criminal sexual conduct "under 13" in Michigan.[2] In addition, the defendant had the following prior misdemeanor convictions: illegal possession of a weapon, numerous driving on a revoked license, two DUI's, four thefts, evading arrest, reckless driving, public intoxication, and violation of the bad check law. Further, the defendant had a prior parole revocation.

The trial court gave great weight to enhancement factor (2), the defendant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range. *See id.* § 40-35-114(2) (Supp. 2002). It did not place great weight on enhancement factor (9), the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community. *See id.* § 40-35-114(9) (Supp. 2002). It also considered the defendant's "mental difficulties" as a mitigating factor, *see id.* § 40-35-113(8), and imposed a thirty-seven-year sentence.

---

[2] These two Michigan convictions would be the equivalent of Tennessee's attempt to commit aggravated sexual battery, a Class C felony. *See* Tenn. Code Ann. §§ 39-12-101, -107(a), -13-504(a); *see also id.* § 40-35-106(b)(5) (stating convictions in another state are compared to Tennessee offenses for purposes of classification).

The defendant does not contest the application of the enhancement factors applied by the trial court, and we conclude the record amply supports the application of both enhancement factors. Instead, the defendant contends the trial court should have assigned less weight to the enhancement factors, more weight to the mitigating factor, and imposed the minimum sentence.

The weight given to each enhancement or mitigating factor is within the discretion of the trial court, assuming the trial court has complied with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Madden, 99 S.W.3d 127, 138 (Tenn. Crim. App. 2002). The statutes prescribe no particular weight for an enhancement or mitigating factor. State v. Gosnell, 62 S.W.3d 740, 750 (Tenn. Crim. App. 2001). The trial court did not abuse its discretion in weighing the enhancement and mitigating factors.

## CONCLUSION

The evidence presented at trial was sufficient to support the defendant's conviction. The trial court's decision to charge the jury on flight was also supported by the evidence. Further, the trial court did not err in imposing a sentence of thirty-seven years. Accordingly, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE